## THE HOWARD W. MIDDLETON COMPANY v. DANIEL SOUDER, SHERIFF.

Argued June 5, 1906—Decided November 12, 1906.

Where personal property of a defendant in execution which has been levied on by a sheriff is claimed by a third party, the officer is not bound to proceed with the writ unless the plaintiff shall furnish him with ample indemnity.

On motion to amerce.

Before Justices HENDRICKSON and PITNEY.

For the motion, *Wilfred B. Wolcott.*

*Contra,* Leverett Newcomb.

The opinion of the court was delivered by

HENDRICKSON, J. This motion is made on behalf of the Howard W. Middleton Company, as plaintiff, in a judgment

recovered in this court against Maggie K. Lewis, executrix of John H. Lewis, deceased, for the sum of $435.90, besides costs. The execution issued the next day, returnable at June Term, 1906, and was placed in the sheriff's hands on March 5th, following. The communications with the sheriff were by correspondence. The plaintiff's attorney, when he mailed the execution, directed the sheriff to make a levy at once upon all property of John H. Lewis, deceased, in the hands of the executrix, and to make the money without delay. On March 19th, after inquiry by the attorney, the sheriff wrote the latter that he had made a levy, but did not feel safe to go on without an indemnity bond for his protection. After inquiries by the attorney as to why the bond was desired, and what the probable value of the property levied on was and the amount of bond desired, the sheriff, on March 31st, wrote that his legal adviser had advised him to require a bond of indemnity; that he, the sheriff, was entitled to one upon an execution of this kind, and that on receipt of such bond to the amount of $500, the sheriff further wrote, he would be pleased to go on immediately. On April 6th the attorney again expressed doubt as to the right to demand the bond of indemnity, and directed the sheriff to proceed at once to sale, and to advise him of the date of sale and the value of the property levied on. To this there was no reply. No bond of indemnity was furnished.

The ground of this motion is for neglecting and refusing to execute the writ of execution, under one of the clauses of section 22 of the act concerning sheriffs. *Gen. Stat., p.* 3114. The sheriff resists this motion on the ground that his demand of indemnity was not complied with. The sheriff testified, in the depositions taken to be used on this motion, that he went to the premises of Mrs. Lewis, who was the widow and executrix of the deceased, the next day after the receipt of the execution to make a levy, whereupon Mrs. Lewis made claim to be the owner of the property, but that notwithstanding this he made a levy upon everything he could find around there. No claim in writing was put in by Mrs. Lewis then,

nor until after the inception of these proceedings, and it is insisted for the plaintiff that the property levied on was in the possession of the defendant; that there was no claim of property made; that therefore the sheriff was not entitled to indemnity, and should be amerced. But the case shows that there was a claim of property made, and though it was not in writing it has been settled in this court that where personal property upon which a sheriff is instructed to levy is claimed by a third person, the officer is not bound to proceed with the writ unless the plaintiff furnish him with ample indemnity. Nor must such claim necessarily be in writing. *Weller v. Lanning,* 12 *Vroom* 477. So that upon this ground the motion to amerce must fail.

The plaintiff urged as a further ground for amercing the sheriff that he failed to levy upon $36 in money which the case shows that the executrix had received upon a sale of certain personal goods of the deceased, in October, preceding the levy. But the case fails to show that the money in question, if subject to levy at all, was still in hand or in a place of deposit where the sheriff could have levied upon it. So that the motion must fail upon this ground, also.

But while we find that the sheriff is not liable to be amerced, we think he was somewhat remiss in not answering plaintiff's attorney as promptly as he should, and in not replying to his inquiry as to the grounds upon which he required an indemnifying bond and as to the value of the goods levied on. Under these circumstances, while the motion to amerce must be denied, it will be without costs.